UNITED STATES COURT OF FEDERAL CLAIMS

Case No. 24-402 C

JOHNS MANVILLE CORPORATION,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant. _____/

**COMPLAINT TO RECOVER FEES PAID TO
THE UNITED STATES TRUSTEE PURSUANT TO 28 U.S.C. § 1930(A)(6)**

Johns Manville Corporation ("**Plaintiff**" or "**Manville**"), by and through the undersigned counsel, respectfully represents as follows:

**NATURE OF ACTION**

1. Pursuant to the Tucker Act, 28 U.S.C. § 1491, and the amendment to 28 U.S.C § 1930(a)(6), which became effective on January 1, 2018, Plaintiff seeks (1) a refund of the $2,568,982 in unconstitutional excess quarterly fees that Plaintiff paid to Defendant (the "**Excess Fees**") from the start of the first quarter of 2018 through the end of the first quarter of 2021 (the "**Excess Fee Period**"), and (2) an order directing Defendant to refund the Excess Fees to Plaintiff.

2. Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") provides for bankruptcy relief that is typically used by financially distressed business entities and high-net-worth individuals who do not otherwise qualify for relief under another chapter of the Bankruptcy Code. Chapter 11 cases may be directed by a debtor in possession (11 U.S.C. § 1107), by a trustee (11 U.S.C. § 1104), or in some cases, by a party or parties appointed under a confirmed Chapter 11 plan. In all instances, a quarterly fee based on disbursements must be paid while the cases are pending, which fee is ultimately deposited into the U.S. Treasury. *See* 28 U.S.C. §

1930(a)(6)–(7). As would be expected, quarterly fees increase under 28 U.S.C. § 1930(a)(6) as disbursements increase.

3. In all federal judicial districts other than those located in the states of North Carolina and Alabama ("**UST Districts**"), the quarterly fees are collected by the regional United States Trustee ("**UST**") and deposited in a special Treasury fund, the United States Trustee System Fund. The United States Trustee Program ("**USTP**") does not operate in North Carolina and Alabama. In those two states ("**BA Districts**"), Bankruptcy Administrators appointed by the courts and supervised by the Administrative Office of the United States Courts and the Judicial Conference of the United States collect the quarterly fee.

4. In the years leading up to and throughout 2017, the same quarterly fee schedule applied nationwide. The period of uniform fees ended with the Bankruptcy Judgeship Act of 2017, Pub. L. No. 115-72, Div. B, 131 Stat. 1229 (the "**2017 Act**"). The 2017 Act added subsection (a)(6)(B) to Section 1930 (the "**2017 Amendment**"), authorizing a quarterly fee equal to 1% of disbursements where disbursements equal or exceed $1 million in any given quarter, with a maximum fee of $250,000, if the balance of the United States Trustee System Fund was below $200 million as of September 30 of the most recent fiscal year. Under the 2017 Amendment, the fee increase became effective in the first quarter of 2018 and applied to all pending and newly filed Chapter 11 cases in UST Districts. However, because Congress imposed a different fee arrangement in non-UST Districts, there was no fee increase in those districts (*i.e.*, BA Districts) until October 1, 2018, and then only for cases filed *on or after* October 1, 2018. Fees were not equalized between UST and BA Districts until the second quarter of 2021.

5. Plaintiff is a reorganized debtor whose chapter 11 bankruptcy case is presently pending in the United States Bankruptcy Court for the Southern District of New York (UST Region

2). *See In re Johns Manville Corporation, et al.*, No. 82-11656-CGM (Bankr. S.D.N.Y. filed Aug. 26, 1982).

6. Under the 2017 Amendment, Plaintiff paid $2,568,982 more in quarterly fees during the Excess Fee Period than it would have paid if its case was pending in Alabama or North Carolina.

7. In June 2022, the Supreme Court held in *Siegel v. Fitzgerald*, 142 S. Ct. 1770 (2022) ("**_Siegel I_**"), that the 2017 Amendment is unconstitutional because it did not increase fees equally in UST Districts and BA Districts and maintained fees in BA districts at the lower, pre-2017 Amendment levels.

8. Since *Siegel I*, courts have unanimously ruled that the UST is required to refund the increased fees paid by debtors as mandated by the 2017 Amendment. *See*, *e.g.*, *USA Sales, Inc. v. Off. of the U.S. Tr.*, 76 F.4th 1248 (9th Cir. 2023); *In re Mosaic Mgmt. Grp., Inc.*, 71 F.4th 1341 (11th Cir. 2023), *pet. for cert. filed*, No. 23-278 (U.S. Sept. 22, 2023); *In re Clinton Nurseries, Inc.*, 53 F.4th 15 (2d Cir. 2022), *pet. for cert. filed*, No. 23-47 (U.S. July 17, 2023); *In re John Q. Hammons Fall 2006, LLC*, 15 F.4th 1011, 1019–21 (10th Cir. 2021), *vacated*, 142 S. Ct. 2810 (2022), *and reinstated by* No. 20-3203, 2022 WL 3354682, at *1 (10th Cir. Aug. 15, 2022), *petition for cert. granted*, No. 22-1238 (U.S. Sept. 29, 2023); *In re TWC Liquidation Tr., LLC*, No. 18-10601 (MFW), 2023 WL 5987849, at *6 (Bankr. D. Del. Sep. 14, 2023); *In re VG Liquidation, Inc.*, Nos. 18-11120 (JTD), 2023 WL 3560414, at *7 (Bankr. D. Del. May 18, 2023); *In re Circuit City Stores, Inc.*, Nos. 08-35653-KRH, 2022 WL 17722849, at *7 (Bankr. E.D. Va. Dec. 15, 2022). As a result, Plaintiff is entitled to an immediate refund of the Excess Fees of $2,568,982.

9.  Plaintiff asks the Court to apply *Siegel*, and seeks a judgment awarding the amount of the increased quarterly fees paid based on a cause of action for illegal exaction under the Tucker Act, 28 U.S.C. § 1491.

## PARTIES

10.  Plaintiff is a corporation who is a reorganized debtor in a chapter 11 bankruptcy case in the United States Bankruptcy Court for the Southern District of New York. *See In re Johns Manville Corporation, et al.*, No. 82-11656-CGM (Bankr. S.D.N.Y. filed Aug. 26, 1982).

11.  Defendant is the United States of America, to which the Plaintiff paid Chapter 11 quarterly fees. Defendant's agents, including the UST and USTP, assessed, billed, and collected those quarterly fees.

## JURISDICTION AND VENUE

12.  This Court has subject matter jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491. Plaintiff has an illegal exaction claim against the United States for collection of non-uniform Chapter 11 quarterly fees assessed pursuant to 28 U.S.C. § 1930, premised on Article I, § 8, cl. 4 of the Constitution of the United States.

13.  Venue is proper under 28 U.S.C. § 1491.

## FACTUAL BACKGROUND

### A.  The Chapter 11 Cases and Emergence from Chapter 11

14.  On August 26, 1982, Johns-Manville Corporation and 20 domestic affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby commencing the chapter 11 case styled *In re Johns Manville Corporation, et al.*, Case No. 82-11656, which is currently pending in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

15. On December 22, 1986, the Bankruptcy Court confirmed Manville's Second Amended Plan of Reorganization (the "Plan"), which provided for the creation of the Manville Personal Injury Settlement Trust and the Manville Property Damage Settlement Trust (collectively, the "**Trusts**").

16. Since the effective date of the Plan, the Trusts, rather than Manville, have made all disbursements to the Manville creditors. However, Manville has been making all quarterly payments to the USTP pursuant to Section 1930.

**B.     Effects of 2017 and 2020 Amendments on the Increased U.S. Trustee Quarterly Fee Schedule**

17. The USTP is a component of the United States Department of Justice and is responsible for overseeing the administration of bankruptcy cases in the 88 UST Districts, among which is the District of Delaware. 28 U.S.C. § 1930(a)(6) requires chapter 11 debtors in UST Districts to pay quarterly fees to the USTP. In particular, the statute provides that, among other fees, a "quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever comes first." 28 U.S.C. § 1930(a)(6)(A). The quarterly fees are based on the total quarterly "disbursements" made by the applicable debtor in each quarter. *Id*.

18. The six BA Districts are located in Alabama and North Carolina, and are overseen by the Bankruptcy Administrator Program, which is part of the judicial branch and is overseen by the Administrative Office of the United States Courts. *See Federal Courts Improvements Act of 2000*, Pub. L. No. 106-518 § 501, 114 Stat. 2410, 2421 (2000). The Administrative Office of the United States Courts is supervised by the Judicial Conference of the United States (the "**Judicial Conference**").

19. In BA Districts, 28 U.S.C. § 1930(a)(7) provided, in relevant part, that "the Judicial Conference of the United States *may* require the debtor in a case under chapter 11 of title 11 [(11 USCS §§ 1101, *et seq.*)] to pay fees equal to those imposed by paragraph (6) of this subsection. *Id*. (emphasis added). In 2001, the Judicial Conference issued a standing order that harmonized section 1930(a)(7) with section 1930(a)(6) by requiring the BA Districts to collect the same fees as UST Districts. *See* JUDICIAL CONFERENCE OF THE UNITED STATES, REPORT OF THE PROCEEDINGS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES 46 (Sept./Oct. 2001), https://www.uscourts.gov/sites/default/files/2001-09_0.pdf (last visited Feb. 26, 2024).

20. In October 2017, Congress enacted the 2017 Amendment, which increased the quarterly fees payable to the USTP in chapter 11 cases. Under 28 U.S.C. § 1930(a)(6)(B), the 2017 Amendment increased the maximum fee per debtor by over 800% (from $30,000 to $250,000). *See Bankruptcy Judgeship Act of 2017*, Pub. L. No. 115-72, § 1004, 131 Stat. 1224, 1232 (Oct. 26, 2017). The quarterly fee increase became effective on January 1, 2018, in UST Districts only for all chapter 11 cases, regardless of whether the case was commenced before or after the 2017 Amendment's January 1, 2018 effective date.

21. In September 2018, the Judicial Conference required payment of higher fees for the BA Districts—but only for new debtors—on and after October 1, 2018. *See* JUDICIAL CONFERENCE OF THE UNITED STATES, REPORT OF THE PROCEEDINGS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES 11–12 (Sept. 13, 2018), https://www.uscourts.gov/sites/default/files/2018-09_proceedings.pdf (last visited Feb. 26, 2024).

22. The 2017 Amendment's change in quarterly fees in UST Districts and October 1, 2018 Judicial Conference change in quarterly fees for only new debtors in BA districts together created two inconsistencies: (1) for the first three quarters of 2018, all UST Districts collected

higher fees from all debtors and reorganized debtors, regardless of when they commenced their chapter 11 cases; and (2) once the BA Districts began collecting the higher fees only from debtors filing cases on or after October 1, 2018, there was a continuing disparity between debtors and reorganized debtors in UST districts and debtors and reorganized debtors in BA districts who filed cases prior to that date, as those in the BA District continued to pay the lower fees and those in UST Districts paid the new, higher fees.

23. The Supreme Court in *Siegel I* held these disparities to be unconstitutional. *Siegel I*, 142 S. Ct. at 1782 n. 2.

24. There is no mechanism by which a debtor or reorganized debtor may contest the amount of quarterly fees prior to payment because a failure to pay the fees required by the 2017 Amendment statutorily requires the UST to dismiss a chapter 11 case—even, as here, a chapter 11 case with a fully consummated chapter 11 plan of a reorganized debtor with an ongoing business—upon a failure to pay USTP fees. 11 U.S.C. §§ 1112(b)(1) and (b)(4)(K); *see also Atchison T. & S.F. Ry. Co. v. O'Connor*, 223 U.S. 280, 286 (1912) ("[T]he plaintiff could have had no certainty of ultimate success, and we are of opinion that it was not called upon to take the risk of having its contracts disputed and its business injured, and of finding the tax more or less nearly doubled in case it finally had to pay"). Therefore, the only viable course of action by Plaintiff was to do what it did in this instant matter—pay the quarterly fees as owed and then seek a refund by and through this Complaint. *In re VG Liquidation, Inc.*, 2023 WL 3560414, at *6. In late 2020, Congress enacted the *Bankruptcy Administration Improvement Act of 2020*, Pub. L. No. 116-325, 134 Stat. 5086 (the "**2020 Amendment**"), which, in relevant part, amended section 1930(a)(7) to read that "the Judicial Conference of the United States *shall* require the debtor," thereby eliminating the word "may." *Id*. at § 3(d)(2) (emphasis added). The law became effective as of January 12, 2021,

which had the effect of requiring all debtors in BA districts, regardless of when their cases were commenced, to pay the same quarterly fees to the USTP as debtors in UST Districts, commencing with the second quarter of 2021. *Id.*[1]

### C. Supreme Court Decision in *Siegel v. Fitzgerald*, Declaring 2017 Amendment Increased Fees Unconstitutional

25. On June 6, 2022, the Supreme Court in *Siegel I* unanimously held that the 2017 Amendment was unconstitutional because it exempted debtors from the BA Districts from the 2018 quarterly fee increase and thereby violated the uniformity requirement of the Bankruptcy Clause at U.S. Const., Art. I, § 8, cl. 4. *See Siegel I*, 142 S. Ct. at 1781–83. The Supreme Court did not determine a remedy, and instead remanded the case to the United States Court of Appeals for the Fourth Circuit (and other similar cases to the relevant circuit courts) for determination of the appropriate remedy. *Id.* at 1783.

26. Since then, the courts that have ruled on the issue of the appropriate remedy have unanimously held that the USTP must refund overpaid quarterly fees for the relevant portion of the Excess Fee Period. *See supra* ¶ 8.

27. In appropriating funds for the USTP, Congress made the amounts in the United States Trustee System Fund available for the payment of refunds to depositors such as the Plaintiff as follows:

> [N]otwithstanding any other provision of law, deposits to the United States Trustee System Fund and amounts herein appropriated shall be available in such amounts as may be necessary to pay refunds due depositors.

*Consolidated Appropriations Act*, 2019 Pub. L. No. 116-6, at 103–104 (2019).

---

[1] *See also* U.S. TR. PROGRAM OF THE U.S. DEP'T OF JUST., CHAPTER 11 QUARTERLY FEES, https://www.justice.gov/ust/chapter-11-quarterly-fees (last visited Feb. 26, 2024).

28. Moreover, Chapter 3-9.6.2.4 of the *United States Trustee Program Policy and Practices Manual* (the "UST Manual") requires the USTP to follow "[p]ayment refund procedures established by the [Executive Office of the United States Trustee] . . . in the event that overpayment of quarterly fees necessitates a refund."

### D. Plaintiff's Overpayment of Quarterly Fees

29. For the reasons set forth above, the 2017 Amendment was held to be unconstitutional. Courts have unanimously held that a refund is the only permissible remedy. Plaintiff is therefore entitled to a refund of all Excess Fees paid during the Excess Fee Period.

30. A copy of the current and historical fee schedules published by the USTP on its website, found at https://www.justice.gov/ust/chapter-11-quarterly-fees (last visited Feb. 26, 2024), is attached hereto and incorporated herein by reference as **Exhibit 1**.

31. Plaintiff made payments during the Excess Fee Period in accordance with the revised fee schedule. The table attached hereto as **Schedule 1** reflects: (a) Plaintiff's quarterly disbursements, (b) Plaintiff's payments owed and made for each quarter pursuant to the 2017 Amendment fee schedule, (c) the amount owed under the pre-2017 Amendment fee schedule, and (d) the difference in amount owed under the two schedules.

32. The refund amount owed to Plaintiff by Defendant due to the overpayment of fees is $2,568,982, which is the sum of fees actually paid by Plaintiff pursuant to the fee schedule mandated by the 2017 Amendment, less the amounts that should have been owed pursuant to the pre-2017 Amendment fee schedule.

33. The Defendant has therefore illegally exacted funds in the amount of $2,568,982.

9

## COUNT I

### For Judgment Requiring the Defendants to Refund Excess Fees
### (28 U.S.C. § 1491)

34. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of this Complaint as though fully set forth herein.

35. Plaintiff paid the Excess Fees of $2,568,982 in compliance with the 2017 Amendment, which was *subsequently* deemed unconstitutional. *See Siegel I*. The Excess Fees exceeded the amount of quarterly fees that the USTP was lawfully permitted to charge and that Plaintiff was legally required to pay.

36. Plaintiff brings this case pursuant to the Tucker Act, 28 U.S.C. § 1491, which waives sovereign immunity and "provides jurisdiction to recover an illegal exaction by government officials when the exaction is based on an asserted statutory power." *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572–74 (Fed. Cir. 1996). Courts have long recognized such an "illegal exaction" claim—a claim that money was "improperly paid, exacted, or taken from a claimant" in violation of a statute or the Constitution, regardless of whether the statute or the Constitution itself creates an express or implied monetary remedy.[2] In any event, Congress has statutorily authorized monetary relief in the form of refunds, and plaintiffs further submit that the Bankruptcy Clause is itself money-mandating.

37. Plaintiff respectfully prays for a judgment declaring that the Plaintiff is entitled to a refund of the Excess Fees and awarding it a refund of the Excess Fees in the amount of $2,568,982.

---

[2] *See id.*; *see also Boeing Co. v. United States*, 968 F.3d 1371 (Fed. Cir. 2020); *Perry v. United States*, 149 Fed. Cir. 1 (2020), *aff'd*, No. 2020-2084, 2021 U.S. App. LEXIS 20626, at *6 (Fed. Cir. July 13, 2021); *V.I. Port Auth. v. United States,* 136 Fed. Cl. 7 (2018), *aff'd*, 922 F.3d 1328 (Fed. Cir. 2019).

## COUNT 2

### The Collection of the Excess Fees Violates Equal Protection and Substantive Due Process Clauses, Which Mandates a Refund of the Excess Fees

38. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of this Complaint as though fully set forth herein.

39. The Supreme Court has held that the 2017 Amendment is unconstitutional. Accordingly, under relevant Supreme Court precedent, Plaintiff is entitled to a refund equal to the Excess Fees of $2,568,982. *See, e.g.*, *In re Mosaic Mgmt. Grp., Inc.*, 71 F.4th at 1347.

40. Adherence to well-established constitutional principles of equal protection and substantive due process therefore compel the USTP to refund the Excess Fees of $2,568,982. Based upon these well-established constitutional principles, Plaintiff is entitled to a judgment against Defendant compelling the Defendant to refund to the Plaintiff an amount equal to the Excess Fees paid by the Plaintiff during the Excess Fees Period from the start of the first quarter of 2018 through the end of the first quarter of 2021, inclusive.

**THE PLAINTIFF THEREFORE PRAY THAT THIS COURT:**

a. Order relief in the form of a money judgment in favor of the Plaintiff and against Defendant in the amount of the Excess Fees of $2,568,982;

b. Order payment of the money judgment in the amount of the Excess Fees of $2,568,982 from the federal Judgment Fund pursuant to 28 USC § 2517 and 31 USC § 1304;

c. Award the Plaintiff their attorneys their costs, expenses, and attorneys' fees under 28 U.S.C. § 2412 and/or from a common fund; and

d. Grant all other and further relief as is justified under the premises.

Dated: March 14, 2024

        **NELSON MULLINS RILEY & SCARBOROUGH LLP**

        By: /s/ *Shane G. Ramsey*
        Shane G. Ramsey
        1222 Demonbreun Street, Suite 1700
        Nashville, TN 37203
        Telephone: 615.664.5355
        Tennessee Bar No. 035528
        Shane.Ramsey@nelsonmullins.com

        Andrew J. Fuller
        *Pro Hac Vice Forthcoming*
        One Biscayne Tower, 21st Floor
        2 S. Biscayne Boulevard
        Miami, FL  33131
        Telephone: 305.373.9400
        Florida Bar No. 1021164
        Andrew.Fuller@nelsonmullins.com